## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL SHAVERS,

        Petitioner,               Case Number: 04-CV-74804

v.                                      HON. PAUL D. BORMAN

KENNETH MCKEE,

        Respondent.

_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Michael Shavers has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, challenges his convictions for assault with intent to do great bodily harm and kidnapping. The Court denies the petition.

### I.

Petitioner's conviction arises out of the kidnapping and beating of Georgia Harrison. Ms. Harrison testified that she and Petitioner dated and lived together for just over two months. After they had been dating for some time, the two began having frequent arguments. Occasionally, Petitioner would strike Ms. Harrison when the two were arguing. On June 17, 2000, Petitioner picked Ms. Harrison up from her place of employment. Petitioner was driving Ms. Harrison's car. As he drove toward their home, the two argued and Petitioner struck Ms. Harrison. When they arrived home, Ms. Harrison asked Petitioner to move out of her home.

Petitioner packed his belongings into Ms. Harrison's car and asked if he could use it to

drive to his former residence.  She acquiesced and rode along with him so that she could drive

the car back home after he unloaded his belongings.  Petitioner instead drove her to an empty lot.

Petitioner pulled her from the vehicle and beat her with a board.  He then placed her back in the

vehicle and brought her to a warehouse where he kept her overnight.  Ms. Harrison testified that

she did not want to stay there but did not attempt to leave because she was fearful of Petitioner.

Family members who were worried about Ms. Harrison paged her several times.

Petitioner drove her to a pay phone at Miles Market and advised her to tell family members she

was fine.  Family members determined from caller ID that the telephone calls originated at Miles

Market and drove there.  Ms. Harrison's step-daughter observed Petitioner and Ms. Harrison in

Ms. Harrison's vehicle and tried to open the door, but Petitioner drove away.  Ms. Harrison's

family members contacted the police and advised them of the location of the warehouse where

Petitioner formerly lived.  Ms. Harrison testified that police rescued her from the warehouse.

She was taken to a hospital where she was kept for three days.

Police Officer Shelly Weiss testified that she arrived at the warehouse and found

Petitioner outside.  He told police officers that Ms. Harrison was inside.  Officer Weiss heard

moans coming from the warehouse.  The door was locked with a bolt and chain.  Officers had to

use bolt cutters to open the door.

Petitioner did not testify in his own defense.

## II.

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of

assault with intent to commit great bodily harm and kidnapping.  Prior to sentencing, Petitioner

filed a motion for leave to appeal and to stay imposition of sentencing on the ground that the trial

2:04-cv-74804-PDB-DAS   Doc # 44   Filed 06/30/06   Pg 3 of 11   Pg ID 1593

court had violated his constitutional right to self-representation. The Michigan Court of Appeals denied the motion. People v. Shavers, No. 236171 (Mich. Ct. App. Aug. 29, 2001).

On October 18, 2001, Petitioner was sentenced to 11-30 years imprisonment for the assault conviction and 62-110 years imprisonment for the kidnapping conviction.

Petitioner filed an appeal in the Michigan Court of Appeals, presenting the following claims:

I.      The trial court erred where it denied Mr. Shavers' request to represent himself.

II.     The trial court erred where it allowed testimony regarding a machete owned by the defendant. This testimony caused irremediable harm to the defendant.

III.    The trial court repeatedly allowed the prosecutor to introduce hearsay testimony over defense objections.

IV.     The trial court erred where it instructed the jury on assault with intent to commit great bodily harm and on felonious assault but refused to instruct the jury on the cognate lesser included offense of aggravated assault.

V.      The trial record provides insufficient evidence to support the verdict for kidnapping.

VI.     The prosecutor committed misconduct by telling the jury it could not consider the lesser included offense of felonious assault and by making reference to the defense's failure to show its side of the case.

Petitioner also filed a *pro se* motion for leave to appeal, which included a motion for peremptory reversal, a motion for immediate consideration, and a motion for remand. The Michigan Court of Appeals denied Petitioner's motions and affirmed the convictions. People v. Shavers, No. 244393 (Mich. Ct. App. Feb. 10, 2003).

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the following issues:

I.      Defendant appellant motion for peremptory reversal.

3

II.     The trial court erred where it allowed testimony regarding a machete owned by the defendant. The testimony caused irremediable harm to the defendant.

III.    The trial court repeatedly allowed the prosecutor to introduce hearsay testimony over defense objections.

IV.     The trial record provides insufficient evidence to support the verdict for kidnapping.

V.      The trial court erred where it denied Mr. Shavers request to represent himself.

VI.     Trial court erred when permitting into evidence – "a truck outside rearview mirror, photographs, shirt, and ropes" – without proper foundation and when not giving relative jury instructions as to . . . weight to be given to the exhibit to protect the right of defendant to a fair trial.

The Michigan Supreme Court denied leave to appeal. <u>People v. Shavers</u>, No. 123561 (Mich. Aug. 29, 2003).

Petitioner filed a motion in the trial court requesting that the court order his appellate attorney to turn over ceratin documents. The trial court denied Petitioner's motion. <u>People v. Shavers</u>, No. 00-019033-FC-5 (Saginaw County Circuit Court Feb. 3, 2004).

Petitioner filed an application for leave to appeal the trial court's denial of his motion in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. <u>People v. Shavers</u>, No. 254701 (Mich. Ct. App. May 13, 2004).

Petitioner then filed the pending habeas corpus petition, presenting the following claims:

I.      Mr. Shavers is entitled to a new trial because trial judge unconstitutionally denied him his Sixth Amendment right to represent himself.

        A.      Trial judge unconstitutionally considered and relied upon Mr. Shavers technical legal knowledge and skills to determine Mr. Shavers did not knowingly and intelligently elect to represent himself.

        B.      Trial judge unconstitutionally considered and relied upon isolated incidents to determine Mr. Shavers acting as his own attorney will unduly disrupt the trial proceedings.

4

## III.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts

reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in the
>        State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

5

established precedent if the state court applies a rule that contradicts the
governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established
precedent if the state court confronts a set of facts that are materially
indistinguishable from a decision of this Court and nevertheless arrives at a result
different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of

this Court to the facts of a prisoner's case." Id. at 409.  The Court defined "unreasonable

application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should
ask whether the state court's application of clearly established federal law was
objectively unreasonable. . .

[A]n unreasonable application of federal law is different from an incorrect
application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"
clause, then, a federal habeas court may not issue the writ simply because that
court concludes in its independent judgment that the relevant state-court decision
applied clearly established federal law erroneously or incorrectly.  Rather, that
application must also be unreasonable.

Id. at 409-11.

## IV.

Petitioner argues that he is entitled to habeas corpus relief because the trial court denied

him his right to self-representation.  This claim was properly presented on direct review in state

court, but, the Michigan Court of Appeals, although denying the claim, did not provide any

discussion of the merits of the claim.  Where a claim is fairly presented in state court, but the

state court, although denying the claim, fails to address it, a federal court on habeas review must

6

conduct an independent review of the state court's decision.  Harris v. Stovall, 212 F.3d 940 (6th Cir. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  Id. at 943.  However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA."  Id.

The Sixth Amendment grants a criminal defendant the right to represent himself in criminal proceedings.  Faretta v. California, 422 U.S. 806 (1975).  This right, however, is not unfettered.  First, the accused must "knowingly and intelligently" waive the right to counsel.  Id. at 835.  An accused should "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes wide open."  Id. (internal quotation omitted).  Second, the accused must be "able and willing to abide by rules of procedure and courtroom protocol."  McKaskle v. Wiggins, 465 U.S. 168, 174 (1984).

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta, 422 U.S. at 2541 n.46.  Thus, "a trial court may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  Id.  *See also* United States v. Lopez-Osuna, 232 F.3d 657, 665 (9th Cir. 2000) (holding that a trial court may refuse a defendant's request to represent himself when he is unable or unwilling to abide by rules of procedure and courtroom protocol); United States v. Frazier-El, 204 F.3d 553, 559 (4th Cir.

2000) ("[T]he <u>Faretta</u> right to self-representation is not absolute, and the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.") (internal quotation omitted); <u>United States v. Brock</u>, 159 F.3d 1077, 1079 (7th Cir. 1998) ("[W]hen a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel.").

Following a hearing, during which Petitioner initially stated that he wanted to "defend" himself but did not want to "represent" himself, the trial court denied Petitioner's request to represent himself on the following grounds:

> [The] Court has reviewed the entire file in this case, much of which is Mr. Shavers writing various motions to the Court, some of them I can understand, some of them are indecipherable. . . .
>
> The fact that today, he says . . . he wants to defend himself, and apparently, there's a [distinction] in his mind between representing himself and defending himself.  I don't know what . . . that [distinction] is, but apparently he thinks there's some difference between representing yourself and defending yourself.
>
> [The] Court finds that he's not knowingly or intelligently or voluntarily waiving his right to counsel.
>
> * * *
>
> Further, one of his appearances before this Court, he became very disruptive, tried to talk over the top of this – of the Court, and I feel that he could be very disruptive.  He was disruptive, by his own admission, at one time in front of Judge Tarrant, and certainly disruptive in a hearing before this Court.
>
> Therefore, the Court finds that, one, I don't think he knowingly, intelligently, and voluntarily is waiving his right to counsel. . . .
>
> * * *
>
> Further, the Court feels this is the third counsel that this Court has appointed.  [The] Court believes Mr. Shavers is trying to play the system for all it's worth,

8

but we're going to trial next week and Mr. Perry will represent the defendant . . .

Tr., March 12, 2001, pp. 16-18.

First, Petitioner argues that the trial court impermissibly relied upon his lack of legal knowledge and skills in denying his request to represent himself. The transcript shows that the trial court judge warned him that the prosecutor was well-versed in court rules and criminal law, and that Petitioner consequently would be at great disadvantage if he represented himself. Rather than being improper, this warning complies with <u>Faretta</u>'s requirement that a defendant's choice to represent himself must be "made with eyes wide open." 422 U.S. at 835. In addition, the trial court did not rely upon Petitioner's lack of legal knowledge in denying his motion. Instead, the trial court relied upon Petitioner's unwillingness to abide by courtroom procedure.

Second, Petitioner argues that the trial court improperly relied upon isolated incidents of Petitioner's misconduct in denying his request for self-representation. At the time he asserted his desire to represent himself, Petitioner already was on his third court-appointed attorney. The previous two court-appointed attorneys were dismissed based upon a total breakdown in communication. In previous court hearings related to the pending charges, Petitioner demonstrated an inability to abide by court rules and was held in contempt for his failure to do so after repeated warnings. At his arraignment, Petitioner was removed from the courtroom after an outburst. Based upon the foregoing, the Court concludes that it was not erroneous for the state court to conclude that Petitioner was not "able and willing to abide by rules of procedure and courtroom protocol." <u>McKaskle</u>, 465 U.S. at 174. Therefore, it was not an unreasonable application of <u>Faretta</u> for the state court to deny Petitioner his request to represent himself. Accordingly, the Court denies habeas relief.

9

**V.**

Finally, the Court addresses whether Petitioner's claim warrants the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not find the Court's assessment of Petitioner's claim to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

**VI.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

10

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.




S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
June 30, 2006.


S/Jonie Parker
Case Manager

11